UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHERLY CANNON, an individual,
TYLER CANNON, an individual,
and SPROUTS CAFÉ, INC., a
California corporation,

        Plaintiffs,

  v.

ANNETTE PIERCE, an individual,
and DOES 1-10,

        Defendants.

NO. CIV. S-10-574 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on (1) plaintiffs'[1] motion to remand this action to the El Dorado Superior Court on the ground this court lacks subject matter over plaintiffs' complaint which alleges only state law causes of action and (2) defendant Annette Pierce's ("defendant") motion to strike certain allegations of plaintiffs' complaint.  Because the court grants plaintiffs' motion to remand, defendant's motion to strike is

---

[1] Plaintiffs are Cheryl Cannon, Tyler Cannon and Sprouts Café, Inc.

denied as moot.[2]

On March 11, 2010, defendant removed this case to this court under 28 U.S.C. § 1441 based on federal question jurisdiction, asserting plaintiffs' complaint raised claims under Title III of the Americans with Disabilities Act of 1990 ("ADA").  Plaintiffs' complaint only expressly alleges causes of action for intentional infliction of emotional distress, negligent infliction of emotional distress, fraud and negligent misrepresentation. (Docket #1.)  However, plaintiffs describe in their complaint that defendant previously filed an ADA complaint against plaintiffs in federal court.[3]  That action is pending before the undersigned.  (Annette Pierce v. Sprouts Café Inc., Civ. No. S-09-3002 FCD/DAD, filed Oct. 27, 2009.)  Therein, Pierce alleges ADA, and corollary state law, violations against Sprouts Café Inc. based on alleged architectural barriers she confronted at the café.  Sprouts Café Inc. answered Pierce's complaint and did not file a counterclaim.  (Id. at Docket #7.)  Plaintiffs in the instant action allege that in her ADA complaint, plaintiff makes certain false claims against them, and thus, at times, they reference the ADA in their complaint.  But, those periodic references do not create a federal question sufficient to confer jurisdiction in this case.

---

[2] Because the court finds that oral argument will not be of material assistance, it orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

[3] Plaintiffs do not describe this action in detail in their complaint; instead, they make only a few general references to an "ADA complaint" filed in "Federal Court" in the "Eastern District of California."  (Id.)

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Sacramento Metropolitan Air Quality Management Dist. v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). Such is clearly not the case here, as facially, plaintiffs' complaint pleads only state law causes of action.

However, federal question jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983)). Here, plaintiffs' claims are based on the following essential allegations: (1) defendant concealed her identity in communications with plaintiffs which charged accessibility barriers at the restaurant (defendant formerly worked for plaintiffs but did not disclose this fact in her letters); (2) defendant misrepresented that she patronized the restaurant; (3) defendant misrepresented that she uses a wheelchair and/or walker; and (4) defendant misrepresented that the restaurant had barriers that prevented her from using the facility. To determine whether these acts constituted fraud or negligent misrepresentation or whether they caused plaintiffs emotional distress, the court need not determine whether the ADA was violated or whether defendant has a cognizable ADA claim against plaintiffs. Plaintiffs charge defendant with fraud, which they

3

assert was so extreme that it gives rise to a cause of action for intentional or negligent infliction of emotional distress. That determination can be made without consideration of the specific merits of a federal ADA claim.

As such, because resolution of a federal issue is not essential to the complaint, the court must grant plaintiffs' motion to remand. Determination of federal law is not a necessary element of one of plaintiffs' well-pleaded state claims, and thus, this court is without jurisdiction over plaintiffs' complaint. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988).

While the court cannot retain jurisdiction over this case, it notes that plaintiffs' complaint could have, and possibly should have been, plead as a counterclaim to Pierce's complaint. However, plaintiffs chose to file a separate action in state court, and as is their right as the masters of their own complaint, they carefully plead only state law causes of action, thus precluding jurisdiction in this court. See Harper v. San Diego Transit Corp., 764 F.2d 663, 667 (9th Cir. 1985) (recognizing "plaintiff is generally free to be the master of his own complaint"). Nevertheless, their complaint is closely related to issues presented in Pierce's federal action. As such, the court suggests that the parties consider moving for a stay, in state court, of plaintiffs' action pending this court's resolution of Pierce's ADA complaint. A stay of that action would be in the interest of judicial economy and would promote the consistent resolution of related actions.

Finally, while plaintiffs prevail on the instant motion, the court does not find grounds to award them attorneys' fees. In deciding whether an award of fees is just under 28 U.S.C. § 1447(c),[4] the test is whether the removing party had an "objectively reasonable basis for removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, fees should not be awarded when the removing party has [such a] basis for removal." <u>Gardner v. UICI</u>, 508 F.3d 559, 561 (9th Cir. 2007). Here, defendant's removal meets this standard. The gravamen of plaintiffs' complaint is the allegation that defendant filed a false ADA complaint against them, and their complaint in this action contains multiple references to the ADA. As such, the court cannot find that defendant acted unreasonably in removing the action based on a purported federal question under the ADA. Therefore, the court denies plaintiffs' request for an award of attorneys' fees.

Because the court does not have federal question jurisdiction over plaintiffs' complaint, the court REMANDS this action to the Superior Court of California, County of El Dorado. Defendant's motion to strike is DENIED as MOOT.

IT IS SO ORDERED.

DATED: May 26, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Said section provides that on granting a motion for remand, the court may order the defendant to pay the plaintiff "its just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."